UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:09-CV-571 WL |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| and NURSE CARROLL, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

James Anthony Green, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Green brings claims for the denial of medical care under the Eighth Amendment against Correctional Medical Services, Inc. ("CMS") and Nurse Carroll, a nurse at Westville Correctional Facility ("Westville").

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez*, 111 F.3d at 1373. Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional

judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Green alleges that beginning in early December 2008, he started to experience pain and numbness in his lower back and extremities, which caused him to tremble and sweat. (DE 1 at 3.) He alleges that on December 9, 2008, he submitted a health care request because of the symptoms he was experiencing. He states that he was given a medical pass to be seen at an outpatient clinic, but the pass was canceled for unknown reasons. He alleges that on January 2, 2009, his condition worsened, and he was experiencing "numbness" and "excruciating pain" in his lower back and extremities. He claims he told one of the guards, Officer Perez, that he needed medical care. Officer Perez, in turn, spoke with Nurse Carroll, a nurse in Westville's urgent care unit, and told her about Green's symptoms. According to Green, Nurse Carroll told Officer Perez that Green would have to submit a health care request form. Green informed Officer Perez that a request had already been submitted, and a few minutes later gave this same information to Sergeant Weathersby. Sergeant Weathersby then contacted Nurse Carroll again, and told her that "it was her belief, based on her observation of Green, that he was in obvious pain." (*Id.* at 4.) According to the complaint, Nurse Carroll responded that "there was nothing anyone could do and that Green should fill out a health care request form." (*Id.*) No further action was taken on that date to have Green evaluated.

Green claims that he continued to experience pain and numbness, and on January 21, 2009, he requested to be taken to a hospital. After calls from Green's family, Green claims he was "eventually" seen by CMS health care providers, and that after evaluation and testing he was put on the drug Neurontin in August 2009, which is reducing the intensity of the pain. He

nevertheless claims that as of the time the complaint was filed, he was still having pain and numbness, which affected his ability to "walk, stand and perform other daily activities." (DE 1 at 6.)

Giving Green the inferences to which he is entitled at this stage, he has alleged a serious medical need for purposes of the Eighth Amendment. He has also alleged facts which, taken as true, show that Nurse Carroll was deliberately indifferent to his medical needs on January 2, 2009, when she failed to treat or even evaluate him despite being told by two different guards that he was experiencing severe pain. Giving Green the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against Nurse Carroll.

Green's remaining claim is against CMS. Like a municipal entity, a corporate entity acting under color of state law cannot be held liable based solely on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, CMS cannot be held liable solely because it is Nurse Carroll's employer. Instead, a corporate entity like CMS can be held liable under *Monell* "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward.,* 368 F.3d at 927. A plaintiff can establish liability under *Monell* in one of three ways: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

4

Here, Green is attempting to raise a claim under the second prong. He alleges that CMS is "fostering an unspoken policy in the practice of employing a costs benefit analysis in deciding if to dispense care, treatment or diagnosis of ailments for inmates." (DE 1 at 6.) However, simply considering the cost of medical care provided to inmates would not violate the Eighth Amendment, since inmates are not entitled to demand specific care, nor are they entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Instead, they are entitled to "adequate" medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Although Green alleges that CMS failed to provide adequate treatment for his medical problems, for liability to attach under *Monell*, the unofficial practice or policy at issue must be widespread, and proof of a single incident does not suffice. *See Calhoun*, 408 F.3d at 380. Green does not describe any incidents involving the application of this alleged "unspoken policy" other than with respect to his own medical treatment. For these reasons, Green's claim against CMS will be dismissed.

As a final matter, Green requests injunctive relief in his complaint. (DE 1 at 5.) However, the docket shows that after the complaint was filed, he was transferred to another correctional facility and is no longer being housed at Westville. (DE 6.) Accordingly, his request for injunctive relief against Nurse Carroll, who is employed at Westville, has become moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

For the foregoing reasons, the court:

(1) GRANTS James Anthony Green leave to proceed on his Eighth Amendment claim against Nurse Carroll in an individual capacity for compensatory damages for ignoring his complaints of pain and failing to provide him with medical treatment on January 2, 2009;

5

(2) DISMISSES all other claims;

(3) DISMISSES Correctional Medical Services, Inc.;

(4) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Carroll; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Carroll respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July 14, 2010.

s/William C. Lee<br>
William C. Lee, Judge<br>
United States District Court